Ms. Gena Hoenle, Inspector Arkansas Department of Environmental Quality Post Office Box 8913 Little Rock, AR 72219
Dear Ms. Hoenle:
You have requested an Attorney General opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), concerning the release of certain records under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 through -109).
You indicate that several employees in your department recently filed a sexual harassment complaint with management against another employee. The management subsequently undertook an investigation, during which the complainants' statements were taped and then transcribed. Following the investigation, the individual about whom these individuals had complained was terminated. This individual has submitted a request under the FOIA for copies of memoranda and the referenced audio tapes and transcripts. You state that these records contain names and other information sufficient to identify the individuals who complained. You further state that the custodian of the records has determined that the requested records should be released, without the identifying information having been redacted.
I am directed by law to issue an opinion as to whether the determination of the custodian of the records regarding the release of the requested records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B).
Response
It is my opinion that the custodian of the records is correct that the requestor is entitled to receive copies of these records; however, the facts of the case may indicate that certain identifying information should be redacted from the records before they are released.
The records you have described constitute either the "personnel records" or the "employee evaluation/job performance records" of the individual who has requested them. Under the FOIA, a person about whom personnel records and employee evaluation/job performance records are maintained is entitled to have access to those records, even if the records would be exempt from disclosure to the public. A.C.A. § 25-19-105(c)(2). The individual in the situation you have described is therefore entitled to receive copies of the requested records.
However, if those records contain information that is otherwise exempt from disclosure, or that should be withheld from disclosure under the constitutional right of privacy, that information should be redacted from the records before they are released to the individual.
I have not been provided with copies of the records that are the subject of your question. I therefore cannot opine definitively as to whether they contain any information that should be redacted. However, as you have described these records and the situation, they appear to contain information that could be subject to redaction under either the exemption for personnel records, or under the constitutional right of privacy, if the facts of the case so indicate.
Personnel Records
In my opinion, the records that have been requested, in addition to constituting the "personnel records" or "employee evaluation/job performance records" of the individual who has requested them, also constitute the "personnel records" of any other employees mentioned in the records. "Personnel records" are any records other than employee evaluation/job performance records that relate to the individual employee. Ops. Att'y Gen. Nos. 2002-085; 2001-154; 99-147, citing Watkins, The Arkansas Freedom of Information Act (m m Press, 3rd Ed., 1998) at 134. Under the FOIA, "personnel records" must be released unless their release would constitute a "clearly unwarranted invasion of [the employee's] personal privacy." A.C.A. § 25-19-105(b)(12).
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. SeeYoung v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy." The court has found that the employee's interest outweighs the public's interest only in cases where the record reveals the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends.Id. The question of whether the release of a particular personnel record would constitute a clearly unwarranted invasion of personal privacy is always a question of fact. Ops. Att'y Gen. Nos. 2001-101; 98-001.
Some courts, construing a similar standard for disclosure, have found the following types of information in personnel records to be exempt from public disclosure: Personal histories; religious affiliations of employees, Church of Scientology v. Department of Defense, 611 F.2d 738
(9th Cir. 1979); citizenship, United States Department of State v.Washington Post Co., 456 U.S. 595 (1982); marital status, Simpson v. Vance, 648 F.2d 10 (D.C. Cir. 1980); social security numbers, Swisher v.Dept. of the Air Force, 660 F.2d 369 (5th Cir. 1981); information about family life, Providence Journal Co. v. F.B.I., 460 F. Supp. 778, reversed on distinct grounds, 602 F.2d 1010 (1st Cir. 1979); information regarding welfare payments, legitimacy of children, family rights, and alcohol consumption, Rural Housing Alliance v. Department of Agriculture,498 F.2d 73 (D.C. Cir. 1974).
In contrast, the courts have found relatively little privacy interest in records revealing names, date and place of birth, salaries of public employees, training or education background, and work experience. Kruzonv. Department of Health Human Services, 649 F.2d 65 (1st Cir. 1981);Simpson v. Vance, 648 F.2d 10 (D.C. Cir. 1980).
If the custodian of the records determines factually that the records contain information the disclosure of which would constitute a clearly unwarranted invasion of the personal privacy of the employees whose names are mentioned therein, that information should be redacted before the records are released to the requester. For example, if the custodian determines that the facts indicate that the disclosure of the names or other identifying information about the individuals who were being interviewed would subject those individuals to embarrassment or harassment, that information should be redacted from the records. See
Ops. Att'y Gen. Nos. 2002-161; 2002-114; 2002-095; 2002-055; 2000-217; 97-033.
Constitutional Right of Privacy
The custodian may also be justified in redacting information from the records under the constitutional right of privacy. The Arkansas Supreme Court has recognized that the constitutional right of privacy can supersede the specific disclosure requirements of the FOIA, at least with regard to the release of documents containing constitutionally protectable information. See McCambridge v. City of Little Rock,298 Ark. 219, 766 S.W.2d 909 (1989). The McCambridge court held that a constitutional privacy interest applies to matters that: (1) an individual wants to and has kept confidential; (2) can be kept confidential but for the challenged governmental action in disclosing the information; and (3) would be harmful or embarrassing to a reasonable person if disclosed.
The question of whether information is protectable under the constitutional right of privacy is a question of fact that must be determined in the first instance by the custodian of the records, on the basis of the facts of the case. If the custodian of the records determines factually that the records contain constitutionally-protectable information, (i.e., information that meets the three prongs of test laid out by the McCambridge court), the custodian must then consider whether the governmental interest in disclosure under the Act (i.e., the public's legitimate interest in the matter) outweighs the privacy interest in their non-disclosure. Again, this determination will be a factual one, based upon the information available to the custodian.
If, after analyzing the interview tapes and transcripts, the custodian determines that the employees' privacy interest in protecting their identity outweighs the public's interest in knowing their identity, the custodian should redact those names and other identifying information from the records before they are released. This office has previously opined that safety concerns of employees who were interviewed in connection with an investigation of another employee could factually rise to the level of a protectable constitutional privacy interest. See Ops. Att'y Gen. Nos. 2002-095; 2000-175. Accord, Ops. Att'y Gen. Nos.2001-028; 2000-058; 96-356.
I note that although the redaction of names and personal identifiers from a paper or electronic transcript of an interview would be a simple matter, removing personal identifiers (such as the sound of a particular individual's voice) from a tape recording may be more challenging. If the custodian of the records finds that names and personal identifiers should be redacted from the records that have been requested in this case, and redaction from the tape recordings would be impossible as a practical matter, the custodian may be justified in providing the transcripts only. In order to take this approach, the custodian must be able to establish that the sound of a particular individual's voice is not "reasonably segregable" from the information conveyed by that voice. The section of the FOIA that is pertinent to this issue is A.C.A. §25-19-105(f), which states:
 (f)(1) No request to inspect, copy, or obtain copies of public records shall be denied on the ground that information exempt from disclosure is commingled with nonexempt information.
 (2) Any reasonably segregable portion of a record shall be provided after deletion of the exempt information.
* * *
A.C.A. § 25-19-105(f)(1)(2) (emphasis added).
If the custodian can establish that the identifying information contained in the tape recordings is not "reasonably segregable" from the tape recording, as required by the above-quoted section, the custodian would, in my opinion, be justified in providing a transcript only of the tape recordings.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General